UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                             )
                                                   )
CARL ERSKINE CHRISTIAN and                         )    CASE NO. 09-07216-TOM-7
STELLA LOUISE CHRISTIAN,                           )
                                                   )
         Debtors.                                  )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Motion to Reopen Chapter 7 Case and Waive Filing Fee (the "Motion") filed by Debtor Carl Erskine Christian. It appears that no notice and hearing is necessary for the resolution of this motion. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) (1994) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[2] The Court has considered the motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.

The Debtor[3] filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 10, 2009 then converted the case to one under Chapter 7 on February 21, 2010. On

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(A) provides as follows:

> (b)(2)Core proceedings include, but are not limited to–
> (A) matters concerning the administration of the estate[.]

[3] This case was filed with joint debtor Stella Louise Christian. Ms. Christian did not join in the instant Motion.

February 22, 2010, the Clerk's Office issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made, and directing creditors not to file a proof of claim unless they received a notice from the Court to do so. No notice to file claims was ever issued. The Chapter 7 Trustee filed his Final Report on November 29, 2010. An order discharging the Debtor from all dischargeable debts was entered on July 28, 2010, and the case was closed on February 6, 2015.

The Debtor filed an individual Chapter 7 case, No. 15-03365, on August 21, 2015. This Court held a hearing on September 10, 2015 on the notices directing the Debtor to show cause why the 2015 case should not be dismissed because the Debtor failed to file proper schedules and because the Debtor is not eligible to receive a Chapter 7 discharge. At the hearing the Debtor indicated that he filed the 2015 case because his former counsel in this 2009 case failed to list certain pre-petition debts on the Schedules, and that creditors were now attempting to collect those debts. This Court explained to the Debtor that, because of his recent Chapter 7 discharge in this 2009 case, he was not yet eligible to receive another Chapter 7 discharge.[4] The Debtor then filed the Motion that is now before the Court.

In this Motion, the Debtor requests that this case be reopened so that he may amend the schedules to add debts that he represents preexisted the filing of this case. Pursuant to 11 U.S.C. § 350(b), a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The only stated reason for wanting to reopen the case was to amend the schedules to add omitted debts.[5] Presumably, the Debtor is concerned that the debts were not discharged because

---

[4] An Order dismissing case No. 15-03365 was entered September 10, 2015.
[5] The Debtor stated in open Court that he is seeking a loan modification with his mortgage company. He explains in his Motion that he has substantial mortgage arrearage and that the value of his home is less than the debt it secures. The Debtor mentions both Cenlar and New

of the failure to properly list them. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. § 727. That section provides that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ." 11 U.S.C. § 727(b). Nothing in § 727 prevents an unscheduled debt from being discharged. There is no indication that either the Debtor or the creditors wish to file an adversary proceeding regarding the dischargeability of the debts in question.

Two of the debts that the Debtor seeks to add to his Schedules, one to Discover Bank and one to Bernard C. Buggs, Jr., had been secured by judicial liens. Orders avoiding the liens were entered on November 7, 2013, and December 2, 2013, respectively, and copies of which are attached to this Order.

Therefore, the Court concludes that cause does not exist for the case to be reopened. Any debts which were incurred prior to the filing of this case on December 10, 2009 were discharged by the Court's Order of Discharge entered July 28, 2010, a copy of which is attached. Furthermore, because the case is not being reopened, the fee for reopening a case should be waived. Thus, the Motion is due to be granted in part and denied in part. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion is **DENIED** to the extent that the Debtor seeks to reopen this Bankruptcy Case. It is further

---

South Federal Bank in the Motion with regard to the mortgage; however, only New South Federal Bank was included in the Schedules filed in this case. It is unclear whether both creditors hold mortgages, whether Cenlar has acquired the loan from New South, or something else. No reaffirmation agreements were filed in this case and thus with regard to any mortgages existing prior to the filing date of this case, Debtor is not personally liable for the debt (he has no further obligation to pay the debt). However, if the creditor has a valid and recorded mortgage, that mortgage lien would continue to be valid and enforceable and the creditor would still have the right to foreclose on the real property.

3

**ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED** to the extent the Debtor seeks a waiver of the reopening fee, and the fee is **WAIVED**.

Dated: September 15, 2015 /s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

xc: Debtor
Thomas E. Reynolds, Trustee
Bankruptcy Administrator

4

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
CARL ERSKINE CHRISTIAN )
STELLA LOUISE CHRISTIAN ) Case No.: 09-07216-BGC-7
Debtor )

## ORDER ON MOTION TO AVOID LIEN
## PURSUANT TO 11 U.S.C §522(f)(1)(A)

This matter came before the Court on the Debtors' Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(1)(A) requesting the Court avoid the fixing of a lien on an interest of the debtor(s) in and to certain real property. Notice of the Motion and of an opportunity for a hearing thereon was provided pursuant to Local Rule 4003-2. Neither the creditor nor any other party in interest filed any opposition or other response to said motion, and it appears to the Court the motion is due to be granted.

IT IS, THERFORE, ORDERED, ADJUGED and DECREED that the Motion is granted and that, pursuant to 11 U.S.C. § 522(f), the Judicial Lien of Discover Bank recorded in Book LR200806, at Page 13546 in the Probate Court of Jefferson County, Alabama shall be and hereby is AVOIDED to the extent it impairs the Debtors' exemptions.

Dated: November 7, 2013  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

This order prepared by:
Thomas Buck
205.252.7661

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CARL ERSKINE CHRISTIAN | ) |
| STELLA LOUISE CHRISTIAN | ) Case No.: 09-07216-BGC-7 |
| Debtor | ) |

**ORDER ON MOTION TO AVOID LIEN**
**PURSUANT TO 11 U.S.C §522(f)(1)(A)**

This matter came before the Court on the Debtors' Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(1)(A) requesting the Court avoid the fixing of a lien on an interest of the debtor(s) in and to certain real property. Notice of the Motion and of an opportunity for a hearing thereon was provided pursuant to Local Rule 4003-2. Neither the creditor nor any other party in interest filed any opposition or other response to said motion, and it appears to the Court the motion is due to be granted.

IT IS, THERFORE, ORDERED, ADJUGED and DECREED that the Motion is granted as to the homestead and that, pursuant to 11 U.S.C. § 522(f), the Judicial Lien of Bernard C. Buggs, Jr. recorded in Book LR200906, at Page 27652 in the Probate Court of Jefferson County, Alabama shall be and hereby is AVOIDED to the extent it impairs the Debtors' homestead exemptions.

Dated: December 2, 2013            /s/Benjamin Cohen
                                   BENJAMIN COHEN
                                   United States Bankruptcy Judge

**B18 (Official Form 18) (12/07)**

# United States Bankruptcy Court
NORTHERN DISTRICT OF ALABAMA
Southern Division
1800 5th Avenue North
Room 120
Birmingham, AL 35203

**Case No. <u>09–07216–BGC7</u>**
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Carl Erskine Christian  Stella Louise Christian
625 Woodbrook Road  625 Woodbrook Road
Birmingham, AL 35215  Birmingham, AL 35215

Social Security / Individual Taxpayer ID No.:
xxx–xx–7841  xxx–xx–0203

Employer Tax ID / Other nos.:

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>7/28/10</u>  <u>Benjamin G Cohen</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**ATTENTION DEBTOR:  IMPORTANT DOCUMENT!  PLEASE KEEP FOR YOUR RECORDS!**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**